IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL D. JONES, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:22-CV-1911-N-BH |
| ) | |
| GUILLERMO SANTOYO, JR., ) | |
| et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I. BACKGROUND**

Michael D. Jones (Plaintiff) was involved in a car accident on February 27, 2019, which resulted in damage to his vehicle and a claim for injury. (doc. 10 at 1-2, 6-7.)[2] He sued the other driver involved in the accident, Guillermo Santoyo, Jr. (Driver), and owner of the vehicle he was driving, who was a passenger at the time, Joel Gonzalez (Owner), in County Court at Law No. 2; that case was pending when he filed this lawsuit. (*Id.* at 1-2, 4, 7-8, 14.) Plaintiff now sues Driver; Owner; a defendant's mother, Stephanie Martinez; Owner's insurance provider, Allstate Fire and Casualty Insurance Company (Insurer); an employee of Insurer, Miraya Sanchez; Insurer's attorneys, Kyle L Smith and the Law Office of Chad Kimble, P.C.; another attorney, J. Bart Smith; and his own insurance provider, Progressive County Mutual Insurance Company (Defendants).

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(docs. 8 at 2-5; 10 at 1-5, 9-12.) He expressly sues Defendants under 42 U.S.C. § 1983, alleging that they discriminated against him based on race and disability in the handling of his insurance claim in violation of his rights under the United States Constitution, the Civil Rights Act (CRA), and the Americans with Disabilities Act (ADA). (docs. 8 at 7; 10 at 1-5, 9-12.)

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. SECTION 1983

Plaintiff sues Defendants under 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourteenth Amendment.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff

must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros, Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "For a private citizen … to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id*. (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)). Allegations that are merely conclusory, without reference to specific facts, will not suffice. *Id*. (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)).

Here, Plaintiff does not name any state actors as defendants in any of his complaints or in his questionnaire[3] responses. He alleges no agreement between Defendants, all of whom are private individuals or entities, and any state actors to commit an illegal act or a deprivation of constitutional rights, or any facts to support an inference that they acted in concert with a state actor such that any deprivation of Plaintiff's constitutional rights was under color of state law. He does not even specify the conduct which constitutes a deprivation of his constitutional rights. Plaintiff's § 1983 claims should be dismissed for failure to state a claim upon which relief can be granted.

## IV. CIVIL RIGHTS ACT

Plaintiff also asserts claims arising under the CRA, but he does not refer to a particular Title of that law. (doc. 8 at 7-8.)

The CRA contains seven Titles, and each one pertains to a different aspect of the act's

---

[3] Plaintiff's responses to a magistrate judge's questionnaire and attachments are considered an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

sweeping anti-discrimination scope. 42 U.S.C. § 2000d *et seq.* For example, Title I secures equal voting rights to citizens, 52 U.S.C. § 10101, Title II prohibits discrimination in places of public accommodation, 42 U.S.C. § 2000a, and Title VII outlaws discrimination in employment, 42 U.S.C. § 2000e.

Here, Plaintiff alleges that Defendants discriminated against him on the basis of his race, but he does not allege that Defendants' conduct falls within the scope of any of the Titles of the CRA. For example, he does not allege that an insurance provider constitutes a public accommodation and therefore is governed by Title II, or that he was employed by any of the Defendants as required to state a claim under Title VII. He provides no factual support for any cognizable or plausible CRA claim. His CRA claims should be dismissed for failure to state a claim.

## V. AMERICANS WITH DISABILITIES ACT

Plaintiff lastly asserts claims under the ADA. (doc. 8 at 7.)

Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). "The ADA targets disability discrimination in employment (Title I), in public services (Title II), and in public accommodations and services operated by private entities (Title III)." *Van Velzor v. City of Burleson*, No. 3:12-CV-2508-G, 2013 WL 3579339, at *3 (N.D. Tex. July 12, 2013) (citing *Olmstead v. L.C.*, 527 U.S. 581, 589 (1999)). Plaintiff does not cite to a particular Title or provision within the ADA.  As noted above, he has not alleged that he is employed by Defendants, nor has he alleged that any public service provider is involved in this case. Accordingly, the only portion of the ADA that arguably applies is Title III.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis

4

of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To sustain a Title III claim, a plaintiff must establish that '(1) he or she is disabled within the meaning of the ADA; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA.'" *Burrell v. Akinola*, No. 3:15-CV-3568-B, 2016 WL 3523781, at *2 (N.D. Tex. June 27, 2016) (citing *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008)).

Here, again, Plaintiff has failed to allege sufficient facts to support a claim under the ADA. He does not allege that any of the Defendants owns or operates a place of public accommodation, and he fails to allege facts showing that how he has been discriminated against by Defendants. His ADA claims should be dismissed for failure to state a claim upon which relief can be granted.

## VI. LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per

5

curiam) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").

Here, Plaintiff has responded to a questionnaire and has filed two amended complaints. He has had ample opportunity to plead his best case, and further leave to amend is not warranted.

## VII. RECOMMENDATION

All of Plaintiff's claims should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED on this 18th day of October, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                  IRMA CARRILLO RAMIREZ
                                                                        UNITED STATES MAGISTRATE JUDGE